## Max Nickol, Plaintiff in Error, v. Dwight M. Clark and John E. Traeger, Sheriff, Defendants in Error.

### Gen. No. 21,722. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917.

### Statement of the Case.

Action by Max Nickol, plaintiff, against Dwight M. Clark and John E. Traeger, sheriff of Cook county, Illinois, defendants, for trial of the right of property in an automobile taken by the sheriff on an execution issued upon a judgment in favor of the codefendant. From a judgment for defendants, plaintiff brings error.

AARON and HIRSCH E. SABLE, for plaintiff in error.

FULTON, GAREY & DEUTSCHMAN, for defendants in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 179*—*when title does not pass from mortgagee to creditor.* Where the plaintiff sold and delivered an automobile, and the purchaser, being unable to pay a chattel mortgage given for the balance due on the machine, at its maturity, returned the machine with a bill of sale thereof by him to the plaintiff, who thereupon canceled the mortgage, which had been unrecorded, and the indebtedness, and turned back the machine to such purchaser with a written agreement between them loaning the machine to the purchaser for eight months, when he was to pay either a cer-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tain amount and retain the machine or a certain other amount as damages and return it, *held* that the transaction at the maturity of the mortgage was a mere subterfuge and no title passed from such purchaser to the plaintiff.

2. Execution, § 121*—*when proceedings for trial of right of property may not be maintained.* In proceedings for trial of the right of property in an automobile taken on execution upon a judgment against the party in whose possession it was at the time of levy, where it was shown such party held it under an agreement with the plaintiff to pay a certain amount at a certain time, subsequent to the levy and to retain the machine, or to return it to the plaintiff at that time and pay a certain other amount as damages, *held* that the plaintiff could not maintain such proceedings against the execution creditor and the officer making the levy.